## Jefferson MORLEY, Appellant

v.

## CENTRAL INTELLIGENCE AGENCY, Appellee.

### No. 10–5161.

United States Court of Appeals, District of Columbia Circuit.

April 27, 2012.

Daniel S. Alcorn, Law Office of Daniel S. Alcorn, McLean, VA, James H. Lesar, I, Law Office of James Lesar, Washington, DC, for Appellant.

Ronald C. Machen, Jr., Esquire, R. Craig Lawrence, Benton Gregory Peterson, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: TATEL and KAVANAUGH, Circuit Judges, and GINSBURG, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court is affirmed in part, vacated in part, and remanded.

This is a Freedom of Information Act case. Journalist Jefferson Morley submitted a FOIA request to the Central Intelligence Agency, asking for all documents related to CIA operations officer George Efythron Joannides. Unsatisfied with the CIA's response, Morley filed suit.

After a prior decision and then a remand from this Court, the District Court granted summary judgment to the CIA. *Morley v. CIA*, 699 F.Supp.2d 244 (D.D.C. 2010). Morley now appeals, challenging: (1) the CIA's search of its operational files, (2) the CIA's *Glomar* response, (3) the CIA's explanation of its search for monthly progress reports allegedly filed by Joannides, (4) the CIA's explanation of its FOIA Exemption 1, 2, 3, 5, and 6 withholdings, and (5) the CIA's *Vaughn* index. We have considered Morley's arguments and conclude that they are without merit with one exception that requires a remand to the District Court.

FOIA Exemption 2 exempts from disclosure documents "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). The CIA asserted Exemption 2 for certain of its withholdings in this case, and the District Court upheld those assertions. But after the District Court's judgment, the Supreme Court narrowed what had been this Circuit's prevailing interpretation of Exemption 2. *See Milner v. Dep't of Navy*, — U.S. ——, 131 S.Ct. 1259, 179 L.Ed.2d 268 (2011).

In response to *Milner*, the CIA has now withdrawn its Exemption 2 assertions in this case. As to one document of relevance here, the CIA had asserted Exemption 2 only. The CIA has now given Morley that document. For several other documents or portions thereof, the CIA had asserted Exemption 2 *and* other exemptions. It is unclear from the record, however, whether the other exemptions—

that is, the exemptions apart from Exemption 2—cover all of the withheld portions of those documents. We thus vacate that aspect of the District Court's judgment and remand to the District Court so that the CIA can file an appropriate supplemental declaration—and, if necessary, changes to the *Vaughn* index—regarding whether the other asserted exemptions cover all of the withheld portions of the relevant documents.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.